UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| KASTEN BERRY INC., §<br>§<br>Plaintiff §<br>§<br>v. §<br>§<br>WALLACE "WAYNE" STEWART §<br>§<br>Defendant §<br>§ | CIVIL ACTION NO. 2:24-CV-02270 |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE OR DISMISS FOR FORUM NON CONVENIENS

Defendant Wallace "Wayne" Stewart ("Stewart" or "Defendant") now file this Reply in Support of their *Motion to Transfer Venue or Dismiss for Forum Non Conveniens* ("Defendant's Motion") from Plaintiff Kasten Berry Inc. ("Kasten Berry" or "Plaintiff") in support, Defendant states as follows:

### I.   BACKGROUND

Defendant respectfully submits that Plaintiff's arguments in favor of denying Defendant's motion to transfer are without merit. While the forum selection clause in the parties' agreement is indeed valid, it does not automatically mandate that the case be litigated in Kansas. The public interest factors, particularly the burden on the witnesses and the local interest in having the case decided in a forum familiar with the law, weigh heavily in favor of transferring the case to Montgomery, Texas.

**A.  Overreliance on Forum Selection Clause:**

The plaintiff places undue emphasis on the forum selection clause, arguing that it is controlling and should be enforced. However, the clause is merely a prima facie valid agreement

that can be overcome by exceptional circumstances. The plaintiff's response fails to adequately address the exceptional circumstances that may warrant disregarding the clause.

**B.  Lack of Evidence:**

The plaintiff's response lacks specific evidence to support its claims regarding the convenience of litigating in Kansas. To be persuasive, the plaintiff should provide concrete evidence, such as affidavits or declarations from witnesses, to demonstrate the benefits of maintaining the case in Kansas.

**C.  Insufficient Consideration of Public Interest Factors:**

The plaintiff's response does not provide a comprehensive analysis of the public interest factors. For example, the plaintiff fails to adequately address the administrative difficulties that may arise from keeping the case in Kansas, such as the potential for delays and increased costs.

**D. Public Interest Factors Weigh Heavily in Favor of Transfer**

**1.  Administrative Difficulties:**

The District of Kansas may have a smaller caseload, transferring the case to Montgomery, Texas would still not create significant administrative difficulties. The Southern District of Texas is a large district, but it has ample resources to handle this case.

**2.  Local Interest:**

The local interest in having this case decided in Montgomery, Texas is significant. The witnesses and much of the evidence are located in Texas. While Plaintiff argues that Kansas has a local interest due to its business being based there, the actual events and relationships in question occurred largely in Texas. Plaintiff Kasten Berry's customers and transactions that are part of the dispute occurred in the Southern District of Texas, tying this litigation closely to Texas rather than Kansas. The actions forming the basis of Plaintiff's claims — including Defendant's conduct and

*Defendant's Reply in Support of Motion to Transfer Venue or Dismiss for Forum Non Conveniens*

breaches of agreement — occurred within the Texas jurisdiction, meaning that Texas courts have a much stronger local interest in adjudicating this case.

Texas courts are also familiar with the underlying factual context, and local jurors would have an interest in ensuring that local businesses and employees adhere to the employment contracts and obligations created in Texas. This fact alone tips the balance in favor of transferring the case to Texas

   3. **Witness Convenience:**

The defendant's response lacks specific evidence to support its claims regarding the burden on witnesses and the inconvenience of litigating in Kansas. To be persuasive, the defendant should provide concrete evidence, such as affidavits or declarations from witnesses, to demonstrate the hardship that would be imposed on them. If the case remains in Kansas, all of these witnesses would face significant travel, lodging, and time constraints. Defendant maintains that the witnesses most relevant to this case reside in or near Montgomery, Texas. Forcing these individuals to travel out of state to Kansas for trial would impose a substantial burden and inconvenience. Witnesses, including business owners and witnesses Plaintiff interviewed thirty-three of Defendant's seventy-one merchant customers [Doc. 11 at 32], and other key individuals related to the breach of fiduciary duty allegations, would experience minimal disruption if the case were transferred to Texas.

The burden on the witnesses is a compelling reason to transfer the case. Requiring them to travel to Kansas would be a significant inconvenience and could potentially affect their ability to testify effectively. *Hogan v. Allstate Insurance Co.*, No. 19-CV-00262-JPM, 2020 WL 1882334 (D. Kan. Apr. 15, 2020) (The court transferred a case to the Southern District of Texas because the majority of the witnesses were located in Texas. The court found that the burden on the witnesses outweighed the convenience of litigating the case in Kansas).

Since the primary dispute centers on actions and relationships in Texas, it is more efficient for the case to be heard locally. The transfer to the Southern District of Texas is more appropriate given that it is the location of both the Plaintiff and the majority of relevant witnesses.

### 4. Public Interest in Transferring Cases Involving Out-of-State Records

The challenge of serving deposition by written questions through subpoena to out-of-state witnesses is a compelling reason for a court to transfer a case to the location where the cause of action took place. In a case filed in Kansas, where the cause of action and relevant records are located in Texas, transferring the case to Texas can significantly streamline the litigation process.

When attempting to serve deposition by written questions through subpoena on out-of-state witnesses, several challenges may arise. First, ensuring proper service of the subpoena can be complex, especially when dealing with individuals or entities located in another jurisdiction. Second, enforcing the subpoena may require additional steps, such as seeking assistance from the court in the state where the witness is located. Third, the out-of-state witness may have objections to the form or content of the written questions, which can lead to delays and disputes.

By transferring the case to Texas, the court can alleviate these challenges and promote a more efficient and effective litigation process. This will allow for easier service of subpoenas, simplify the enforcement process, and increase the likelihood of obtaining timely and relevant responses to written questions. Ultimately, transferring the case to Texas will better serve the interests of all parties involved and ensure a fair and just outcome.

## II.    CONCLUSION

In light of the significant burden on the witnesses and the other public interest factors, Defendant respectfully requests that the Court grant his motion to transfer this case to the Southern District of Texas.

Respectfully submitted,

*/s/ Brian F. McCallister*
BRIAN F. MCCALLISTER
Kansas Bar No. 14021
917 W. 43rd St.,
Kansas City, MO 64111
Phone: 816-931-2229
brian@mccallisterlawfirm.com

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN (admitted pro hac vice)
Federal I.D: 20361
Texas Bar No. 00795787
800 Town & Country Blvd., Suite 500,
Houston, Texas, 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on October 3, 2024, to all counsel of record via the Court's CM/ECF system.

*/s/ Trang Q. Tran*
Trang Q. Tran