IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KASTEN BERRY INC.,

    **Plaintiff,**

    v.

WALLACE "WAYNE" STEWART,

    **Defendant.**

Case No. 2:24-CV-2270-JAR-BGS

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wallace "Wayne" Stewart's Motion to Transfer Venue or Dismiss for Forum Non Conveniens (Doc. 17). The matter is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court denies Defendant's motion.

**I. Background**

The following facts are taken from Plaintiff's First Amended Complaint (Doc. 11). Plaintiff Kasten Berry Inc. is a business incorporated in Kansas that provides merchants various "merchant services,"[1] which include point-of-sale systems, mobile-payment support, payment processing, and related services. Plaintiff hired Defendant as a "Sales Executive," and in that position, he managed 71 of these merchant customers. The parties' contract, which is attached to the First Amended Complaint, prohibited Defendant from "divert[ing], or attempt[ing] to divert, directly or indirectly, any of the customers of [Plaintiff] or any of the business or patronage of such customers."[2] The contract also included a choice-of-law and forum-selection clause:

---

[1] Doc. 11 at 2.

[2] *Id.* at 5.

> This Agreement shall be construed and performed according to the laws of the State of Kansas and shall be binding upon the parties hereto. The parties agree that any action to enforce this agreement shall be brought in the District Court of Johnson County, Kansas, or in the federal district court for the District of Kansas, Kansas City Division."[3]

Around the Fall of 2023, Plaintiff began to question Defendant's performance when it started to notice that an "unusually high level" of Defendant's customers "closed their accounts or stopped processing transactions" through Plaintiff,[4] and a few months later in April 2024, Defendant's employment was terminated. On the day his employment was terminated, Defendant downloaded Plaintiff's confidential information on its customers—data that could be used to divert Plaintiff's customers to one of its competitors without a customer's knowledge. When Plaintiff investigated Defendant's unusually high level of customer attrition, it discovered that during his employment, Defendant had represented himself to Plaintiff's customers as a broker who sold merchant services on behalf of numerous merchant-services companies other than Plaintiff and that he had diverted at least eight customers to Plaintiff's competitors. Defendant even installed competitor's merchant-services equipment at some customers' locations. Even after the end of his employment, Defendant continues to divert customers away from Plaintiff.

---

[3] Doc. 11-1 ¶ 12. In his Motion to Transfer, Defendant does not cite this forum-selection clause in Doc. 11-1. Instead, he sets out in a footnote—with no citation to the record—the following provision: "23.7. <u>Jurisdiction</u> YOU CONSENT AND IRREVOCABLY SUBMIT TO THE JURISDICTION AND VENUE OF ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION LOCATED IN THE COUNTY AND STATE IN WHICH OUR PRINCIPAL HEADQUARTERS IS LOCATED, AND WAIVE ANY OBJECTION TO THE JURISDICTION AND VENUE OF SUCH COURTS. THE EXCLUSIVE CHOICE OF JURISDICTION DOES NOT PRECLUDE THE BRINGING OF ANY ACTION BY THE PARTIES OR THE ENFORCEMENT BY THE APPROPRIATE JURISDICTION OR THE RIGHT OF THE PARTIES OT CONFIRM OR ENFORCE ANY ARBITRATION AWARD IN ANY APPROPRIATE JURISDICTION." Doc. 17 at 5 n.7.

[4] Doc. 11 ¶ 27.

Plaintiff originally filed this action with the District Court of Johnson County, Kansas.[5] Defendant removed the action to this Court under 28 U.S.C. § 1441, alleging diversity jurisdiction under § 1332.[6] In Plaintiff's First Amended Complaint, it alleges four counts against Defendant: (1) breach of contract, (2) "breach of contract - injunctive relief," (3) breach of fiduciary duty, and (4) "faithless servant doctrine." Along with the Answer (Doc. 16), Defendant filed a Motion to Transfer Venue or Dismiss for Forum Non Conveniens (Doc. 17).

## II. Discussion

Plaintiff and Defendant both agree that the forum-selection clause here is valid, and neither party disputes that the clause applies to this action. Defendant instead argues that the Court should not enforce the forum-selection clause because the public-interest factors under 28 U.S.C. § 1404(a) counsel against enforcement of the clause.[7] As a threshold matter, Defendant cites in its brief both 28 U.S.C. § 1404(a) and the doctrine of *forum non conveniens* as grounds for its motion for dismissal or, in the alternative, transfer. The Supreme Court has made clear, however, that a mandatory forum-selection clause is properly enforced by a motion to transfer pursuant to § 1404(a) or, in the case of a clause pointing to a state or foreign forum, by a motion to dismiss based on the doctrine of *forum non conveniens*.[8] Here, the forum-selection clause provides that the forum is "the District Court of Johnson County, Kansas, or in the federal

---

[5] Doc. 1 at 1.

[6] *Id.*

[7] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[8] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 61 (2013) (concluding that "[Section] 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that § 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms.").

3

district court for the District of Kansas, Kansas City Division."[9]  Therefore, because the forum-selection clause allows for a federal forum, the proper mechanism is 28 U.S.C. § 1404(a), not *forum non conveniens*.

Moving to Defendant's primary argument, the Court concludes that the public-interest factors under 28 U.S.C. § 1404(a) do not justify departing from the parties' forum-selection clause.  Under § 1404(a), the Supreme Court has announced that where there is a valid forum-selection clause, as in this case, the burden is on the challenger to show that venue should differ from the venue selected by the parties in the clause.[10]  Moreover, a court may weigh only the public-interest factors in determining if that burden has been met.[11]  The public-interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law; and (4) the "burden of jury duty on members of a community with no connection to the litigation."[12]  The public-interest "factors will rarely defeat a transfer motion, [and therefore,] the practical result is that forum-selection clauses should control except in unusual cases."[13]

The Court begins by acknowledging the unusual posture of this motion.  The forum-selection clause here requires that this action be brought in either Kansas state court or in this Court—and Plaintiff followed that requirement.  It first filed in Johnson County District Court,

---

[9] Doc. 11-1 ¶ 12.

[10] *Atl. Marine Constr.*, 571 U.S. at 63 (placing burden on "party defying the forum-selection clause").

[11] *Id.* at 63–64.

[12] *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1180 (10th Cir. 2009) (quoting *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998)); *accord Atl. Marine Constr.*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)) (listing the first three factors as among the public-interest factors).

[13] *Atl. Marine Constr.*, 571 U.S. at 64.

as called for by the clause, and Defendant removed the action to the other forum selected by the clause: the United States District Court for the District of Kansas.[14]  Defendant now moves to transfer this action to the Southern District of Texas—a forum not selected by the parties' contract.  Consequently, as the party defying the forum-selection clause, Defendant bears the burden to justify the transfer.[15]

He cannot do so.  The Court finds that the public-interest factors do not support nonenforcement of the forum-selection clause.  First, on the administrative-burden factor, Defendant himself concedes that this factor does not weigh in favor of transfer.[16]  Second, on the localized-controversy factor, although this dispute has significant ties to Texas (for example, Defendant was recruited and employed in Texas, and the conduct giving rise to this dispute occurred in Texas), Plaintiff is a Kansas corporation.  Because one of the parties is located in Kansas, this dispute is not a localized controversy having merely local interest to Texas.  Third, on the familiarity-with-the-law factor, Kansas courts are the quintessential "forum that is at home with the law" because, as Plaintiff points out and Defendant does not address, the choice-of-law provision in the parties' contract chooses Kansas law to apply to the case.[17]  Fourth, on the burden-on-jury-members factor, Defendant mostly rehashes his argument that this action has significant ties to Texas.  That may be true, but this fourth factor considers the burden on jury

---

[14] Doc. 1.

[15] *See* 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3854.1 (4th ed. 2013) (noting that the rules for opposing a forum-selection clause "remain equally true if the forum selection clause favors retention of the forum chosen by the plaintiff rather than transfer of the case to the district preferred by the moveants").

[16] Doc. 17 at 6 ("[This factor] weighs either neutrally or against Defendant.").

[17] Defendant's only argument on this factor is that "the claims in this case . . . align closely with common law claims in Texas."  Doc. 17 at 7.  That may be, but given that the uncontroverted choice-of-law provision selects Kansas law, Texas would not be more familiar than this Court with the substantive law on these claims.

members from "a community with *no* connection to the litigation."[18] As noted, the Plaintiff here is a Kansas corporation, so the jury would be drawn from a community—Kansas—with at least some connection to the litigation.

In addition to these four factors, Defendant makes two arguments. Each argument, however, rests on private-interest factors, which—as noted above—the Court does not consider when the parties have agreed to a forum-selection clause. First, Defendant argues that the inconvenience to the witnesses—who he contends reside "in or near Montgomery, Texas"—favors transfer.[19] But that is not a public-interest factor considered by the Court because as the Supreme Court has clearly noted: "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves *or their witnesses*, or for the pursuit of the litigation."[20] Thus, the fact that witnesses in this case may reside in Texas does not favor nonenforcement of the forum-selection clause. Second, Defendant argues that transferring the case will "allow for easier service of subpoenas, simplify the enforcement process, and increase the likelihood of obtaining timely and relevant responses to written questions."[21] But again, that is a private-interest factor: "Factors relating to the parties' private interests include 'relative ease of access to sources of proof [and] availability of compulsory process for attendance of . . . witnesses . . . .'"[22] Given the forum-selection clause

---

[18] *Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1180 (10th Cir. 2009) (emphasis added) (quoting *Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998)).

[19] Doc. 20 at 3. To support this argument, Defendant cites a case—*Hogan v. Allstate Insurance Co.*—in which, Defendant contends, this district court "transferred a case to the Southern District of Texas because the majority of the witness were located in Texas. The court found that the burden on the witnesses outweighed the convenience of litigating the case in Kansas." The Court has found no such case on Westlaw or CM/ECF.

[20] *Atl. Marine Constr.*, 571 U.S. at 64 (emphasis added).

[21] Doc. 20 at 4.

[22] *Atl. Marine Constr.*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

here, neither of Defendant's additional arguments is relevant to the Court's analysis of a § 1404(a) transfer because neither addresses the public-interest factors.

Because none of the public-interest factors remotely tip in favor of transfer, the Court cannot conclude that Defendant has carried his burden to show that this is one of those "unusual cases" in which a forum-selection clause should not be enforced.[23]  The Court therefore concludes that the parties must abide by their contractual selection of this Court as the forum for this dispute.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Transfer Venue or Dismiss for Forum Non Conveniens (Doc. 17) is **denied**.

**IT IS SO ORDERED.**

Dated: November 14, 2024

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE

---

[23] *Id.* at 64.