IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KASTEN BERRY INC.,**

    **Plaintiff,**

    v.

**WALLACE "WAYNE" STEWART,**

    **Defendant.**

Case No. 2:24-CV-2270-JAR-BGS

## ORDER TO SHOW CAUSE

Defendant Wallace "Wayne" Stewart's counsel, Brian F. McCallister (local counsel) and Trang Q. Tran (admitted pro hac vice) filed a Motion to Transfer Venue or Dismiss for Forum Non Conveniens (Doc. 17). Defendant's briefing troubles the Court in two respects. First, the briefing does not cite the forum-selection clause from the contract between the parties;[1] instead, it cites and quotes a forum-selection clause that appears nowhere in the papers submitted by the parties.[2] Second, Defendant's reply brief includes a citation, *Hogan v. Allstate Insurance Co.*, No. 19-CV-00262-JPM, 2020 WL 1882334 (D. Kan. Apr. 15, 2020), in which the court purportedly "transferred a case to the Southern District of Texas because the majority of the witnesses were located in Texas. The court found that the burden on the witnesses outweighed the convenience of litigating the case in Kansas."[3] As far as the Court can tell, this case does not exist. The Westlaw database number pulls up no case; the Court has found no case in CM/ECF between the parties "Hogan" and "Allstate Insurance Co." Moreover, docket numbers in this

---

[1] *See* Doc. 11-1 at ¶ 12.

[2] Doc. 17 at 5 n.7.

[3] Doc. 20 at 3.

district have at least four digits—not three—after the case-type designation, and there is no judge in this district with the initials "JPM."

**IT IS THEREFORE ORDERED BY THE COURT** that

1. Brian F. McCallister, local counsel for Defendant, and Trang Q. Tran, counsel for Defendant admitted pro hac vice, show cause at an **in-person** hearing why they should not be sanctioned under Fed R. Civ. P. 11 and 28 U.S.C. § 1927 for citing a nonexistent forum-selection clause and citing a nonexistent case.

2. Mr. McCallister shall also show cause at the in-person hearing why this conduct should not be referred to the Kansas Board for Discipline of Attorneys and the Disciplinary Panel of this District.

3. Mr. Tran shall also show cause at the in-person hearing why this conduct should not be referred to the Texas Office of Chief Disciplinary Counsel and the Disciplinary Panel of this District.

4. **The Show Cause Hearing is set Wednesday December 11, 2024, at 9:00 a.m. in Courtroom 427 before the undersigned Judge.**

**IT IS SO ORDERED.**

Dated: November 14, 2024

S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE