**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KASTEN BERRY INC.,

    Plaintiff,

    v.

WALLACE STEWART,

    Defendant.

Case No. 24-2270-JAR-BGS

**MEMORANDUM & ORDER ON**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**ORDER TO SHOW CAUSE**

Now before the Court is Plaintiff's Motion to Compel Discovery, seeking an Order overruling Defendant's objections to Plaintiff's Requests for Production Nos. 4, 5, 6, 7, 8, 9, 11, 15, and 16, specifying whether responsive information is being withheld pursuant to the objections, instructing Defendant to produce all responsive information not withheld pursuant to a timely and previously asserted objection, and instructing Defendant to sign and verify his First and Second Supplemental Answers to Plaintiff's First Interrogatories.  Defendant, who was previously represented by counsel but is now acting *pro se*, as discussed *infra*, did not respond to the motion despite the motion having been provided to him and receiving additional time from the Court to do so.  After review of Plaintiff's submissions and the discovery requests/responses at issue, the Court **GRANTS** Plaintiff's motion to compel (Doc. 71).

## I.    FACTUAL BACKGROUND.

### A.    General Background.

Plaintiff supplies point of sale ("POS") systems, mobile payments, payment processing, counter terminals, billing and invoicing, payroll, and related products and services to its customers.

(Doc. 72, at 2.)  It earns revenue by "obtaining residual payments for each credit, debit, or other electronic transaction processed by a customer who uses a POS system provided" by it.  (*Id.*) Defendant was hired by Plaintiff as a Sales Representative in May 2022, at which time the parties entered into an employment agreement.  (*Id.*)  Defendant's "primary job" was to sign up new customers to use Plaintiff's products and services and maintain/service those accounts.  (*Id.*)

The present lawsuit was initially in Johnson County, Kansas District Court and removed to federal District Court on June 21, 2025.  (Doc. 1.)  Plaintiff brings claims for breach of contract, breach of fiduciary duty, and violation of the faithless servant doctrine.  Plaintiff alleges Defendant breached the parties' Employment Agreement, which prohibits Defendant from:

> • possessing, disclosing, or using [Plaintiff's] confidential information.
>
> • Soliciting, calling upon, serving, accepting business from, catering to, influencing, diverting [Plaintiff's] customers, or receiving compensation as a result of any such activity.

(Doc. 72, at 2 (citing Doc. 11-1 ¶¶ 2-5).)  Plaintiff alleges that, "during and after his employment with Plaintiff, Defendant solicited and diverted its customers from Plaintiff to a competitor … in violation of Defendant's obligations to Plaintiff."  (Doc. 26, at 1.) Plaintiff contends that Defendant "acknowledged that thirteen customers he serviced while employed by [Plaintiff] are now customers of Pay Compass LLC," which according to Plaintiff, is the "background for the discovery sought." (Doc. 72, at 3.)

Defendant acknowledges that he works for Plaintiff's competitor, Pay Compass LLC.  That stated, he generally denies Plaintiff's allegations while raising certain affirmative defenses, including the failure to mitigate damages, Plaintiff's breach of contract, unconscionability, and fair competition.  (Doc. 26, at 1-2.)

**B.      Discovery at Issue.**

Plaintiff served its first discovery requests to Defendant on November 8, 2024 (Doc. 31), with answers and objections from Defendant served on December 6, 2026.  (Doc. 72-1.)  The responses were rife with boilerplate objections and conditional responses.  (*See generally id.*)

Plaintiff's counsel sent a golden rule letter regarding the deficient responses on December 13, 2024.  (Doc. 72-2.)  Counsel for the parties engaged in a telephone conference on December 23, 2024, at which time defense counsel agreed to supplement the discovery responses by January 2, 2025.  Supplemental responses were forthcoming on January 3, 2025, but were not signed by counsel or verified by Defendant.  (Doc. 72-3.)  Defense counsel did, however, indicate that additional information would be forthcoming.

Plaintiff's counsel emailed defense counsel regarding the "persistent deficiencies" and "improper addition of new or expanded objections" in the discovery responses on January 16, 2025. (Doc. 72, at 4 (citing Doc. 72-4).)  Defendant's Second Supplemental Answers and Objections were served on January 28, 2025, but were again not signed by counsel or verified by Defendant. (Doc. 72-5.)

The Court scheduled a pre-discovery motion telephone conference on March 10, 2025. (Doc. 65.)  Prior to that conference, Defendant served his Third Supplemental Answers and Objections to Plaintiff's First Interrogatories and Second Supplemental Responses and Objections to Plaintiff's First Requests for Production.  (Doc. 72-6.)  This resulted in the parties speaking by telephone regarding these discovery issues for approximately 30 minutes prior to the telephone conference with the Court.  (Doc. 72, at 4.)  During the pre-motion telephone conference with the Court, the undersigned Magistrate Judge instructed defense counsel to revise the Request for Production responses to make Defendant's objections compliant with Fed. R. Civ. P. 34 and produce all responsive information (other than that designated "attorneys eyes only") by March 21, 2025.  Defense counsel was also instructed to have Defendant sign and verify his First and Second

3

Supplemental Answers to Plaintiff's First Interrogatories by that date. The parties were instructed to work on a joint amended protective order that included a narrowly tailored "attorneys eyes only" provision. Plaintiff was given a deadline of March 31, 2025, to file any resulting motion to compel.

Despite the Court's instructions, Defendant failed to supplement his discovery responses. Defense counsel did, however, email a proposed amended protective order to Plaintiff's counsel on March 20, 2025. Despite exchanging draft protective orders and sharing their thoughts on disputed language, the parties were unable to agree to language for an "attorneys' eyes only" provision. Much of the dispute apparently related to Defendant's request that the provision include language that would encompass "PayCompass customer names, communication, and contracts between PayCompass and it's [sic] customers." (*See* Doc. 72, at 5.)

The present motion to compel was timely filed by Plaintiff on March 31, 2025. (Docs. 71, 72.) Earlier that same day, defense counsel filed an unopposed motion to withdraw as attorney for Defendant Wallace Stewart. (Doc. 70.) That motion to withdraw was granted by the undersigned Magistrate Judge on April 8, 2025 (Doc. 75), which left Defendant representing himself *pro se.*

On April 17, 2025, after *pro se* Defendant failed to file a response to the motion to compel, the undersigned Magistrate Judge entered a notice of telephone conference for May 1, 2025. (Doc. 76, text Notice.) That Notice included the following language:

> The parties are instructed to be prepared to discuss the pending … Motion to Compel as well as case scheduling going forward. Plaintiff's counsel is instructed to mail a courtesy copy of the … Motion to Compel and … supporting memorandum to the pro se Defendant by the end of the day on 4/18/25. If Defendant intends to file a response to the Motion to Compel, any such response must be on file with the Court by April 30, 2025.

(*Id.*) Although given this additional time to respond, the *pro se* Defendant did not file a response to the Motion to Compel.

During the May 1 telephone conference, the *pro se* Defendant indicated he was aware of the motion to compel and other deadlines in the case but asserted that he doesn't understand the litigation process and is unable to afford counsel. The Court encouraged Defendant to familiarize himself with the Federal Rules of Civil Procedure as well as the District of Kansas Local Rules. The Court instructed Defendant to pay attention and respond to motions because the case will not simply go away.

Plaintiff indicated it had subpoenaed information from PayCompass but had not attempted to enforce the subpoena in Arizona courts. Instead, Plaintiff tried to get the information from Defendant because it was trying to be "judicious" with costs in the case. The Court explained to Plaintiff that involving the Arizona courts to enforce the subpoena against PayCompass might be necessary. Defendant indicated that he is unable to provide certain requested information because of his current employer, PayCompass. Plaintiff responded that the entire discovery process in this case has been "frustrated" by Defendant and PayCompass.

## II.     Analysis.

### A.     Motion to Compel.

Defendant has not filed a response to Plaintiff's motion to compel and the time to do so has expired, including the additional time provided by the Court. (*See* Doc. 76, text Order.) Pursuant to District of Kansas local rules:

> A party opposing a motion must file a response, and the moving party may file a reply within the time provided in D. Kan. Rule 6.1(d). If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. Rule 7.1(c). This District has applied this rule to motions to compel. *See KCI Auto Auction, Inc. v. Ephrem*, No. 19-1040-EFM-GEB, 2019 WL 5395743 (D. Kan. Oct. 22, 2019); *Firestone v. Hawker Beechcraft Intern. Serv. Co.*, No. 10-1404-JWL-KGS, 2012 WL 899270, at *1 (D. Kan. March

16, 2012); *Houck v. City of Prairie Village, Kansas*, No. 95-4066-RDR, 95-4067-SAC, 1996 WL 560251, at *1 (D. Kan. Sept. 24, 1996). *See also Bryant v. Westlake Mngmt. Servs., Inc.*, D. Kan. Case No. 21-1058-JAR-ADM (Doc. 27, Order, August 12, 2021) (granting as unopposed a motion to compel to which a *pro se* plaintiff failed to respond).

As such, the Court **GRANTS** Plaintiff's Motion to Compel (Doc. 71) as uncontested and **overrules** Defendant's objections to Plaintiff's Requests for Production Nos. 4, 5, 6, 7, 8, 9, 11, 15, and 16. Defendant is **ORDERED** to provided supplemental responses to Plaintiff's Requests for Production of Documents Nos. 4, 5, 6, 7, 8, 9, 11, 15, and 16, **without objection**. Defendant is instructed to specify whether he withheld documents pursuant to any of his previously asserted objections. This is to occur no later than **May 28, 2025**. Defendant is further instructed that "confidentiality, proprietary information and/or trade secrets" are not a basis to withhold documents from production as a Protective Order was entered in this case on November 6, 2024. (Doc. 30.)

As discussed above, Defendant is also **ORDERED** to sign and verify his First and Second Supplemental Answers to Plaintiff's First Interrogatories. To the extent *pro se* Defendant has questions or needs instruction as to how to verify his responses, Plaintiff is instructed to answer any questions he may have. These signed and verified Answers are to be provided to Plaintiff's counsel from Defendant no later than **May 28, 2025**.

That stated, Defendant cannot be compelled to produce documents over which he exerts no possession, custody, or control. As held in this District, control encompasses not only possession but also "the right, authority, or ability to obtain the documents." *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004) (quoting *Comeau v. Rupp*, 810 F. Supp. 1127, 1166 (D. Kan. 1992)). *See also Societe Internationale v. Rogers*, 357 U.S. 197, 206, 78 S. Ct. 1087, 2 L.Ed.2d 1255 (1958); *Ice Corp. v. Hamilton-Sundstrand Corp.*, 245 F.R.D. 513, 517 (D. Kan. 2007).) Should

Defendant contend that he does not have the requisite possession, custody, or control over certain requested documents, he should so indicate.

### B.    Show Cause Order regarding Plaintiff's Request for Sanctions.

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The Rule continues, however, that the court "must not order this payment" in the event that "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust."  *Id.*, at (a)(5)(A)(ii), (iii).

Plaintiff argues that sanctions are justified in this instance because it has "undertaken exhaustive efforts, consuming nearly the entire period set for discovery, to obtain straightforward discovery responses from Defendant." (Doc. 72, at 9.)  Plaintiff continues that the undersigned Magistrate Judge "gave the parties clear guidance that Defendant has not followed and there are no facts suggesting Defendant's position is substantially justified." (*Id.*)

Considering Defendant was represented by counsel during a portion of the time these issues were pending but subsequently came to represent himself *pro se*, the Court will allow Defendant the opportunity to be heard prior to granting Plaintiff's request for sanctions.  The Court thus **ORDERS** Defendant to explain <u>in writing</u> why he should not be required to pay the reasonable expenses, including attorneys' fees, Plaintiff incurred in filing the present motion to compel. Defendant must file any written response by **May 28, 2025**.  Thereafter, if the Court determines Defendant should pay Plaintiff's reasonable expenses incurred in filing the motion to compel, the undersigned will set a briefing schedule in order to assist the Court in calculating the amount of expenses.

Defendant is specifically instructed that if he fails to serve his discovery responses, as discussed above, or fails to file a written response this show cause order regarding expenses by **May 28, 2025**, he may be subject to monetary or other sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A).  As has been held by the Tenth Circuit, the Court has "discretion to sanction a party for failing to … defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quotation omitted).

**IT IS THERFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 71) is **GRANTED** as set forth above.  Defendant is ordered to fully and completely respond to Plaintiff's Requests for Production of Documents Nos. 4, 5, 6, 7, 8, 9, 11, 15, and 16, without objection, and to produce all responsive documents by **May 28, 2025**.

**IT IS FURTHER ORDERED** that Defendant sign and verify his First and Second Supplemental Answers to Plaintiff's First Interrogatories and provide these signed and verified Answers to counsel for Plaintiff by **May 28, 2025**.

**IT IS FURTHER ORDERED** that Defendant must file a written response with the Court to the order to show cause by **May 28, 2025**, explaining why he should *not* be required to be sanctioned, including paying Plaintiff's reasonable expenses and attorneys' fees incurred in filing its motion to compel.

IT IS SO ORDERED.

Dated May 6, 2025, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

8