UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KASTEN BERRY INC.,

    Plaintiff,

v.

WALLACE STEWART,

    Defendant.

Case No. 24-2270-JAR-BGS

**MEMORANDUM & ORDER ON
PLAINTIFF'S MOTION FOR SANCTIONS AND
ORDER ON ATTORNEYS' FEES**

Now before the Court is Plaintiff's motion seeking an Order entering sanctions against the *pro se* Defendant for his "repeated, willful, disobedience of this Court's Orders, for refusal to provide discovery responses, and for failing to engage in the pretrial conference process in good faith as required by this Court's Scheduling Order." (Doc. 90, at 1.) Defendant did not file a response to this motion and the time to do so has expired. The Court could grant the motion as unopposed pursuant to D. Kan. Rule 7.1(c), which states that

> [a] party opposing a motion must file a response, and the moving party may file a reply within the time provided in D. Kan. Rule 6.1(d). If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Instead, the Court will provide substantive guidance regarding its decision herein.

This Order also sets the amount of attorneys' fees awarded to Plaintiff in accordance with the Court's prior Order granting attorneys' fees. (Doc. 80.) This Order thus **DENIES in part**

Plaintiff's Motion for Sanctions (Doc. 90) and **FINDS AS MOOT in part** to the extent Plaintiff requests sanctions relating to discovery issues.[1]

I.   FACTUAL BACKGROUND.

    A.   General Background.

Plaintiff supplies point of sale ("POS") systems, mobile payments, payment processing, counter terminals, billing and invoicing, payroll, and related products and services to its customers. (Doc. 72, at 2.)  It earns revenue by "obtaining residual payments for each credit, debit, or other electronic transaction processed by a customer who uses a POS system provided" by it.  (*Id.*) Defendant was hired by Plaintiff as a Sales Representative in May 2022, at which time the parties entered into an employment agreement.  (*Id.*)  Defendant's "primary job" was to sign up new customers to use Plaintiff's products and services and maintain/service those accounts.  (*Id.*)

The present lawsuit was initially in Johnson County, Kansas District Court and removed to federal District Court on June 21, 2025.  (Doc. 1.)  Plaintiff brings claims for breach of contract, breach of fiduciary duty, and violation of the faithless servant doctrine.  Plaintiff alleges Defendant breached the parties' Employment Agreement, which prohibits Defendant from:

> • possessing, disclosing, or using [Plaintiff's] confidential information.
>
> • Soliciting, calling upon, serving, accepting business from, catering to, influencing, diverting [Plaintiff's] customers, or receiving compensation as a result of any such activity.

(Doc. 72, at 2 (citing Doc. 11-1 ¶¶ 2-5).)  Plaintiff alleges that, "during and after his employment with Plaintiff, Defendant solicited and diverted its customers from Plaintiff to a competitor … in violation of Defendant's obligations to Plaintiff."  (Doc. 26, at 1.) Plaintiff contends that Defendant "acknowledged that thirteen customers he serviced while employed by [Plaintiff] are now customers

---

[1] As discussed more thoroughly *infra*, the Court denies Plaintiff's request for sanctions against Defendant as a result of any alleged failure to participate in the Pretrial Conference and Pretrial Order process.

2

of Pay Compass LLC," which according to Plaintiff, is the "background for the discovery sought." (Doc. 72, at 3.)

Defendant acknowledges that he works for Plaintiff's competitor, Pay Compass LLC. That stated, he generally denies Plaintiff's allegations while raising certain affirmative defenses, including the failure to mitigate damages, Plaintiff's breach of contract, unconscionability, and fair competition. (Doc. 26, at 1-2.)

### B. Past Discovery Requests.

Plaintiff served its first discovery requests to Defendant on November 8, 2024 (Doc. 31), with answers and objections from Defendant served on December 6, 2026. (Doc. 72-1.) The responses were rife with boilerplate objections and conditional responses. (*See generally id.*)

Plaintiff's counsel sent a golden rule letter regarding the deficient responses on December 13, 2024. (Doc. 72-2.) Counsel for the parties engaged in a telephone conference on December 23, 2024, at which time defense counsel agreed to supplement the discovery responses by January 2, 2025. Supplemental responses were forthcoming on January 3, 2025, but were not signed by counsel or verified by Defendant. (Doc. 72-3.) Defense counsel did, however, indicate that additional information would be forthcoming.

Plaintiff's counsel emailed defense counsel regarding the "persistent deficiencies" and "improper addition of new or expanded objections" in the discovery responses on January 16, 2025. (Doc. 72, at 4 (citing Doc. 72-4).) Defendant's Second Supplemental Answers and Objections were served on January 28, 2025, but were again not signed by counsel or verified by Defendant. (Doc. 72-5.)

The Court scheduled a pre-discovery motion telephone conference on March 10, 2025. (Doc. 65.) Prior to that conference, Defendant served his Third Supplemental Answers and Objections to Plaintiff's First Interrogatories and Second Supplemental Responses and Objections

to Plaintiff's First Requests for Production. (Doc. 72-6.) This resulted in the parties speaking by telephone regarding these discovery issues for approximately 30 minutes prior to the telephone conference with the Court. (Doc. 72, at 4.) During the pre-motion telephone conference with the Court, the undersigned Magistrate Judge instructed defense counsel to revise the Request for Production responses to make Defendant's objections compliant with Fed. R. Civ. P. 34 and produce all responsive information (other than that designated "attorneys eyes only") by March 21, 2025. Defense counsel was also instructed to have Defendant sign and verify his First and Second Supplemental Answers to Plaintiff's First Interrogatories by that date. The parties were instructed to work on a joint amended protective order that included a narrowly tailored "attorneys eyes only" provision. Plaintiff was given a deadline of March 31, 2025, to file any resulting motion to compel.

In violation of the Court's instructions, Defendant failed to supplement his discovery responses. Defense counsel did, however, email a proposed amended protective order to Plaintiff's counsel on March 20, 2025. Despite exchanging draft protective orders and sharing their thoughts on disputed language, the parties were unable to agree to language for an "attorneys' eyes only" provision. Much of the dispute apparently related to Defendant's request that the provision include language that would encompass "PayCompass customer names, communication, and contracts between PayCompass and it's [sic] customers." (*See* Doc. 72, at 5.)

On Marh 21, 2025, defense counsel filed an unopposed motion to withdraw as attorney for Defendant Wallace Stewart. (Doc. 70.) That motion to withdraw was granted by the undersigned Magistrate Judge on April 8, 2025 (Doc. 75), which left Defendant representing himself *pro se*.

On March 31, 2025, Plaintiff timely a motion to compel, arguing Defendant's Second Supplemental Responses to Requests for Production Nos. 4, 5, 6, 7, 8, 9, 11, 15, and 16 were deficient and that Defendant failed to verify his supplemental interrogatory responses. (Doc. 72, at 5-6.) Plaintiff also sought its reasonable costs and attorneys' fees in bringing the motion. (*Id.*, at 9.)

4

On April 17, 2025, after *pro se* Defendant failed to file a response to the motion to compel, the undersigned Magistrate Judge entered a notice of telephone conference for May 1, 2025. (Doc. 76, text Notice.) That Notice included the following language:

> The parties are instructed to be prepared to discuss the pending … Motion to Compel as well as case scheduling going forward. Plaintiff's counsel is instructed to mail a courtesy copy of the … Motion to Compel and … supporting memorandum to the pro se Defendant by the end of the day on 4/18/25. If Defendant intends to file a response to the Motion to Compel, any such response must be on file with the Court by April 30, 2025.

(*Id.*) Although given this additional time to respond, the *pro se* Defendant did not file a response to the Motion to Compel.

During the May 1, 2025, telephone conference, the *pro se* Defendant indicated he was aware of the motion to compel and other deadlines in the case but asserted that he doesn't understand the litigation process and is unable to afford counsel. The Court encouraged Defendant to familiarize himself with the Federal Rules of Civil Procedure as well as the District of Kansas Local Rules. The Court instructed Defendant to pay attention and respond to motions because the case will not simply go away.

Plaintiff indicated it had subpoenaed information from PayCompass but had not attempted to enforce the subpoena in Arizona courts. Instead, Plaintiff tried to get the information from Defendant because it was trying to be "judicious" with costs in the case. The Court explained to Plaintiff that involving the Arizona courts to enforce the subpoena against PayCompass might be necessary. Defendant indicated that he is unable to provide certain requested information because of his current employer, PayCompass. Plaintiff responded that the entire discovery process in this case has been "frustrated" by Defendant and PayCompass.

On May 6, 2025, the Court granted Plaintiff's motion to compel. (Doc. 79.) Defendant was ordered to fully and completely respond to Plaintiff's Requests for Production of Documents Nos.

4, 5, 6, 7, 8, 9, 11, 15, and 16, without objection, and produce all responsive documents by May 28, 2025. (*Id.*, at 6.) Defendant was also ordered to sign and verify his First and Second Supplemental Answers to Plaintiff's First Interrogatories and provide them to Plaintiff's counsel by that same date. (*Id.*) Finally, the undersigned ordered Defendant to show cause in writing, by May 28, 2025, explaining why he should not be sanctioned, including paying Plaintiff's reasonable expenses and attorneys' fees incurred in filing its motion to compel. (*Id.*, at 7.) As of the drafting of this Order, more than two months past that deadline, Defendant failed to do any of the above.

The Court previously granted Plaintiff's request for reasonable attorneys' fees, but prior to the entry of this Order, had not yet made a determination of that amount. (*See* Section II.D., *infra*; *see also* Doc. 80.) As discussed below, the Court orders Defendant to pay Plaintiff's attorneys' fees relating to the motion to compel in the amount of $1,809.00.

  **C.**  **Current Motion for Sanctions (Doc. 90).**

Plaintiff brings the present motion based on *pro se* Defendant's failure "to comply with the Court's order compelling discovery because he deems the lawsuit 'frivolous,' [failure to comply] with further written and verbal instructions from the Court, [failure to] participate in the preparation of the pretrial order, and [his willful] frustrat[tion of] the judicial process." (Doc. 91, at 2.) Plaintiff contends that Defendant's noncompliance with Court orders has caused it to suffer prejudice. (*Id.*) As such, Plaintiff seeks the following relief from the Court:

> • An Order entering default against the Defendant and allowing Plaintiff to submit its motion and supporting documentation in support its damages and for entry of default judgment. In the alternative, Plaintiff seeks:
>
> • An Order finding that Defendant has breached his Employment Agreement with Plaintiff by soliciting, diverting, and/or servicing Plaintiff's merchant customers as alleged in the First Amended Complaint.
>
> • An Order finding that Defendant has breached his Employment Agreement with Plaintiff by soliciting, diverting, and/or servicing the

6

>thirteen of Plaintiff's merchant customers who Defendant identified in his document production and who Defendant admitted during the July 1, 2025, Pretrial Conference "moved over" from Plaintiff to PayCompass LLC, after Defendant's termination.
>
>• An Order barring Defendant from asserting any defenses as a justification for breaching his Employment Agreement with Plaintiff.
>
>• Any further sanctions the Court deems appropriate under the circumstances.
>
>• Plaintiff also requests a stay of the dispositive motion deadline until after this Court rules on Plaintiff's motion for sanctions.[2]

(*Id.*, at 1-2.) Plaintiff also seeks its costs and reasonable attorneys' fees incurred as a result of filing this motion pursuant to Fed. R. Civ. P. 37(b)(2)(C) and Fed. R. Civ. P. 16(f). (*Id.*, at 2.) Again, Defendant did not contest the motion.

## II.     Legal Analysis.

### A.     Legal Standard.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002). Pursuant to Fed. R. Civ. P. 37(b), a court may issue "just orders" when a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Appropriate sanctions may include

>(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>(iii) striking pleadings in whole or in part;
>
>(iv) staying further proceedings until the order is obeyed;

---

[2] In the Pretrial Order, the undersigned Magistrate Judge reset the dispositive motion deadline for August 29, 2025. (Doc. 96.) That deadline need not be stayed or suspended as it is not impacted by the present Order.

>(v) dismissing the action or proceeding in whole or in part;
>
>(vi) rendering a default judgment against the disobedient party; or
>
>(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*See Id.* Rule 37 continues that the court must also "order the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff's motion seeks Rule 37 sanctions and argues that Defendant's conduct "warrants the entry of default judgment … so that Plaintiff may submit its motion and evidence in support of its damages." (Doc. 91, at 6.) In the alternative, Plaintiff asks the Court for the entry of certain "lesser sanctions," discussed *supra*. (*Id.*, at 13.) According to Plaintiff, while default judgment would be "appropriate," such "lesser sanctions would also provide a remedy to Defendant's failure to comply with the discovery process in good faith, including his continued disobedience of the Court's order granting Plaintiff's motion to compel." (*Id.*)

Federal Rule of Civil Procedure 16 governs Pretrial Conferences and Scheduling Conferences. Subsection (f) of the rule provides for sanctions, including dismissal under Rule 37(b)(2)(A)(v)), if a party or their counsel fails to appear at a scheduling or other pretrial conference, is "substantially unprepared to participate," or fails to participate in good faith in such a conference. Noncompliance with this rule must result in the imposition of expenses and attorneys' fees "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *Id.*

### B. Pretrial Conference Process.

As an initial matter, Plaintiff's motion includes a discussion of Defendant's participation, or alleged lack thereof, in the Pretrial Conference and Pretrial Order process. (See Doc. 91, at 2, 4-5.)

While the Court acknowledges Plaintiff's frustrations in finalizing the Pretrial Order, the Court also recognizes the difficulty and consternation this process would cause a *pro se* litigant such as Defendant.

Defendant participated in the telephone Pretrial Conference with Plaintiff's counsel and the undersigned Magistrate Judge on July 1, 2025. Defendant also participated in a follow-up telephone conference with the Court to finalize the Pretrial Order on July 28, 2025. Although there were certain delays with Defendant's participation, Defendant ultimately agreed to stipulated facts and exhibits in the Pretrial Order. (*See generally* Doc. 96.) Defendant also submitted the portions of the Pretrial Order for which he was solely responsible, such as his factual contentions and defenses. (*Id.*) Because the Pretrial Order has been completed to the satisfaction of the undersigned Magistrate Judge and filed with the Court (*id.*), the Court **DENIES** any of Plaintiff's requested sanctions pursuant to Fed. R. Civ. P. 16(f) relating to the Pretrial Conference process. Thus, the Court's remaining analysis will only consider Plaintiff's concerns regarding potential discovery abuses by Defendant.

        **C.**        **Default Judgment.**

The first relief Plaintiff requests is the entry of default judgment against Defendant. (*See generally* Doc. 91.) Plaintiff contends it has been "prejudiced" as a result of Defendant's continuing failure, since November 2024, to respond to discovery requests seeking "basic discovery information that would establish the scope and extent of Defendant's breaches of his Employment Agreement and fiduciary duty, and … information related to Plaintiff's damages." (Doc. 91, at 8.) According to Plaintiff, "Defendant's baseless objections and refusal to provide this information consumed the entire discovery period set in the scheduling order." (*Id.*)

Although available as a sanction for discovery abuses, "[d]efault judgment is generally considered a harsh sanction that should be used only when a party's noncompliance is due to

9

'willfulness, bad faith, or any fault of the [disobedient party]'" and not when a party is unable to comply with a discovery order. *Starks v. Metro Men's Health,* No. 21-2215-JWB-ADM, 2022 WL 2193386, at *3 (D. Kan. May 16, 2022) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (quoting *Societe Internationale v. Rogers*, 357 U.S. 197, 212 (1958))). Before imposing default judgment as a sanction under Rule 37(b), a court must consider the following factors:

> (1) the degree of actual prejudice to the non-offending party; (2) the amount of interference with the judicial process caused by the offending party; (3) the culpability of the litigant; (4) whether the court warned the party in advance that default judgment would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). The Court will address each of the factors in turn.

As to the first factor, the degree of prejudice to Plaintiff, the Court acknowledges that Defendant's actions have prejudiced Plaintiff. Plaintiff was forced to file a motion to compel the requested discovery and has spent the past seven to eight months trying to proceed in a case without Defendant's compliance. Since the entry of the Pretrial Order, Plaintiff "now confronts the prospect of preparing for trial without the requested discovery." *See Federal Deposit Ins. Corp. v. Renda*, 126 F.R.D. 70, 73 (D. Kan. 1989) (holding plaintiffs are "significantly prejudiced" when forced to prepare for trial without the benefit of discovery responses), *aff'd sub nom. F.D.I.C. v. Daily*, 973 F.2d 1525 (10th Cir. 1992). Defendant's conduct has prejudiced Plaintiff "by causing delay and frustrating Plaintiff's discovery efforts and preparations for trial." *Starks*, 2022 WL 2193386, at *4.

Unlike *Starks*, however, Plaintiff has received certain, albeit insufficient, responses to the discovery requests at issue. As summarized in the factual section above, discovery responses and objections from Defendant, when still represented by counsel, were served on December 6, 2026. (Doc. 72-1.) Supplemental responses were forthcoming from defense counsel on January 3, 2025, but were not signed by counsel or verified by Defendant Stewart. (Doc. 72-3.) Defendant's Second

10

Supplemental Answers and Objections were served by defense counsel on January 28, 2025, but were again not signed by counsel or verified by Defendant. (Doc. 72-5.)

Prior to a pre-discovery motion telephone conference with the Court, defense counsel served the Third Supplemental Answers and Objections to Plaintiff's First Interrogatories and Second Supplemental Responses and Objections to Plaintiff's First Requests for Production (Doc. 72-6), which resulted in the parties conferring by telephone for approximately 30 minutes. (Doc. 72, at 4.) During the subsequent pre-motion telephone conference with the Court, the undersigned Magistrate Judge instructed defense counsel to revise the Request for Production responses to make Defendant's objections compliant with Fed. R. Civ. P. 34 and produce all responsive information (other than that designated "attorneys eyes only") by March 21, 2025. Defense counsel was also instructed to have Defendant Stewart sign and verify his First and Second Supplemental Answers to Plaintiff's First Interrogatories by that date. Plaintiff was given a deadline of March 31, 2025, to file any resulting motion to compel.

Defendant failed to supplement his discovery responses in violation of the Court's instructions. Plaintiff's timely motion to compel was filed on March 31, 2025 (Docs. 71, 72) while defense counsel filed an unopposed motion to withdraw as attorney for Defendant Wallace Stewart that same day. (Doc. 70.)

The Court does not intend to downplay Defendant's on-going disregard for instructions and discovery Orders. That stated, Plaintiff herein is not prejudiced to the degree of the plaintiff in *Starks*, wherein the defendant literally provided <u>no</u> responses whatsoever to the discovery at issue. *See generally* 2022 WL 2193386.

Even so, the Court finds that Defendant's conduct has clearly interfered with the judicial process, which is the second factor the Court is to consider. Discovery closed on May 23, 2025. (Doc. 26.) With this deadline in mind, Defendant was previously ordered by the Court to fully and

11

completely respond to Plaintiff's Requests for Production of Documents and to produce all responsive documents by May 28, 2025, and provide signed and verified First and Second Supplemental Answers to Plaintiff's First Interrogatories by that date. Defendant was also ordered to show cause by that date, explaining why he should not be required to be sanctioned, including paying Plaintiff's reasonable expenses and attorneys' fees incurred in filing its motion to compel. (Doc. 79.) Defendant also ignored this Order.

Defendant's actions in refusing to follow the Court's discovery Orders have certainly interfered with the ability of the Court to move the case forward and "administer orderly justice." *Starks*, 2022 WL 2193386, at *4 (citing *Ehrenhaus*, 965 F.2d at 921). Again, however, the level of interference caused by *pro se* Defendant Stewart does not rise to the level of that exhibited in a case such as *Starks*. Therein, in addition to ignoring discovery orders, the defendant wholly failed to participate in the Pretrial Conference and Pretrial Order process. *See generally* 2022 WL 2193386.[3] The defendant in *Starks* also failed to appear for/participate in various status conferences. *Id.* In the present case, Defendant has typically participated in status conferences and cooperated in the Pretrial Conference process as directed by the Court. The Court finds this factor to be nondeterminative.

The third factor for the Court to consider is Defendant's culpability. *Id.*, at *3. The Court finds that Defendant has ignored the Court's discovery Orders. Again, however, the level of culpability is not as severe as in the *Starks* case. Further, the *Starks* defendant was represented by counsel[4], while Defendant herein ultimately had to represent himself *pro se*. While Defendant Stewart has expressed confusion with the litigation process as he attempts to represent himself *pro se*,

---

[3] In *Ehrenhaus*, relied upon by the *Starks* ruling, the offending plaintiff did not appear for the conclusion of his deposition, in violation of a court order, which lead that court to dismiss his case as a sanction. 965 F.2d at 921-22. The circumstances in *Ehrenhaus* are a more blatant disregard for the discovery process than what has occurred herein.
[4] Although local counsel withdrew representation for the defendant in *Starks*, its *pro hac* counsel did not move to withdraw before that litigation was completed. *See* Case No. 21-2215-JWB-ADM, Docs. 41, 45.

Case 2:24-cv-02270-JAR-BGS    Document 97    Filed 08/06/25    Page 13 of 17


the Court has made every attempt to explain its Orders and the discovery process to him. The Court, however, finds Defendant's *pro se* status somewhat mitigates his culpability as to the willful and intentional disobedience of this Court's Orders.

The fourth factor is whether Defendant was put on notice that failure to comply with these orders could result in default judgment. In its Order granting Plaintiff's motion to compel, the undersigned Magistrate Judge warned Defendant about the potential for sanctions:

> Defendant is specifically instructed that if he fails to serve his discovery responses, as discussed above, or fails to file a written response this show cause order regarding expenses by May 28, 2025, he may be subject to monetary or other sanctions. *See* Fed. R. Civ. P. 37(b)(2)(A). As has been held by the Tenth Circuit, the Court has "discretion to sanction a party for failing to … defend a case, or for failing to comply with local or federal procedural rules." *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (quotation omitted).

(Doc. 79, at 8.) The Court's language did not specifically enumerate any of the potential sanctions (such as the entry of default), but rather referred Defendant to Fed. R. Civ. P. 37(b)(2)(A), discussed *supra*. This language was reiterated in the Court's June 2, 2025, Order granting Plaintiff's request for attorneys' fees. (Doc. 80, at 2.)

The Court has mentioned the potential for a default judgment sanction to the *pro se* Defendant on at least one occasion during telephone conferences occurring over the past few months. The fact remains, however, that none of the Court's prior discovery Orders specifically warned Plaintiff that he could face default judgment for continued disregard of these Order.

Considering the four factors above – as well as the efficacy of lesser sanctions, discussed *infra* – the Court finds that the sanction of default judgment is too "extreme" given the circumstances. *Ehrenhaus*, 965 F.2d at 920. The Court is also guided by the fact that Plaintiff's motion for attorneys' fees for Defendant's discovery malfeasance has already been granted.

Plaintiff's request for default judgment is **DENIED**. That stated, the Court will discuss potential lesser sanctions.

### C. Lesser Sanctions.

The final factor for the Court to consider is the efficacy of lesser sanctions. The *Starks* ruling found that "lesser sanctions would likely be ineffective to both cure the prejudice to [the plaintiff] and punish [the defendant] for ignoring the court's orders," largely because of that defendant's "egregious" failure and complete disengagement from the discovery and pretrial process and disregard of court orders." 2022 WL 2193386, at *5. As discussed above, however, while Defendant Stewart has disregarded the Court's discovery Orders, he did not completely "disengage" from the pretrial process.

The Court has already ordered Defendant to pay Plaintiff's attorneys fees resulting from the motion to compel and related discovery failures. (*See* Doc. 80.) The amount will be determined by the undersigned Magistrate Judge, *infra*. Any additional request for attorneys' fees relating to discovery abuses contained in the present motion is **FOUND AS MOOT**.

That stated, should this matter survive dispositive motion(s) and proceed to trial, Plaintiff is free to seek trial-related relief such as designating certain facts as being established, prohibiting Defendant from introducing certain matters into evidence, and/or striking certain defenses. *See* Fed. R. Civ. P. 37(b)(2)(A). While such sanctions would be a more proportionate response to Defendant's discovery abuses, making such determinations at this stage of the litigation would be premature. Nothing in this Order prevents or prohibits Plaintiff from moving for this relief at the appropriate time.

### D. Attorneys' Fees.

As discussed above, the Court granted Plaintiff's motion to compel on May 6, 2025, and ordered Defendant "to explain in writing why he should not be required to pay the reasonable

expenses, including attorneys' fees, Plaintiff incurred in filing the … motion to compel." (Doc. 79, at 7.) Therein, the undersigned ordered Defendant to show cause in writing, by May 28, 2025, explaining why he should not be sanctioned, including paying Plaintiff's reasonable expenses and attorneys' fees incurred in filing its motion to compel. (*Id.*) Defendant did not file a show cause response as directed – despite the fact that he was specifically instructed that "if he fails to serve his discovery responses, as discussed above, or fails to file a written response this show cause order regarding expenses … he may be subject to monetary or other sanctions." (*See id.*, at 8 (citing Fed. R. Civ. P. 37(b)(2)(A)).) As such, Plaintiff's request for attorneys' fees was granted as uncontested. (Doc. 80, at 2.)

The Court must independently determine whether the requested attorneys' fees are reasonable. *Orchestrate HR, Inc. v. Blue Cross and Blue Sheild of Kansas, Inc.*, No. 19-4007-DDC-RES, 2023 WL 6216307, at *6 (D. Kan. Sept. 25, 2023) (citations omitted). In making this determination, the Court relies on the "lodestar method," wherein the hours counsel reasonably spent are multiplied by a reasonable hourly rate. *Id.* (citations omitted). The lodestar method "produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assocs., L.L.C.*, 616 F.3d 1098, 1102 (10th Cir. 2010). While there are factors to consider if departing from a lodestar calculation, the Court finds no reason to depart from this calculation herein. *See Orchestrate HR, Inc.*, 2023 WL 6216307, at *7 (citations omitted).

On June 2, 2025, the undersigned issued an Order instructing Plaintiff's counsel to submit a calculation of the amount of expenses incurred, providing evidentiary support for the same in the form of bills, invoices, and/or affidavits. (Doc. 80.) Defendant was given a deadline of 14 days after the filing of Plaintiff's calculation to file any response thereto. (*Id.*) Plaintiff's affidavit was submitted on June 16, 2025 (Doc. 81), making any response from Defendant due on or before June

15

30, 2025. To date, no response has been submitted from Defendant, despite the Court addressing this issue during the pretrial conference process. Thus, the amounts sought by Plaintiff are uncontested.

In Plaintiff's affidavit, counsel explained his education and experience, providing a basis for his rate of $335 per hour. (Doc. 81.) Hourly rates higher than this have been found to be reasonable in this District for specialized attorneys with relatively the same experience level as Plaintiff's counsel. *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1270-71 (D. Kan. 2017). "The court concludes that the experience, reputation, and ability of [Plaintiff's counsel] weighs in favor of finding the requested fees reasonable." *Skyline Trucking, Inc. v. Truck Center Cos.*, 2024 WL 1282457, at *16 (D. Kan. March 26, 2024).

In addition to the reasonableness of counsel's hourly rate, the Court finds that the amount of time and effort expended by counsel in litigating this issue (5.4 hours) to be reasonable. (*See* Doc. 81, at 2.) The Court notes that counsel's requested fees do not include time for his "significant efforts to obtain the requested discovery information without requiring a court order or other fees and costs incurred by Plaintiff in this lawsuit," which, most likely, would have been appropriate to have included. (*Id.*) Plaintiff's counsel is thus requesting $1,809.00 for merely preparing the underlying motion to compel, memorandum in support, and relevant exhibits. (*Id.*) The Court finds this to be reasonable under the circumstances – and considering Defendant has not objected to the amount requested.

**IT IS THERFORE ORDERED** that Plaintiff's Motion for Sanctions (Doc. 90) is **DENIED in part** and **FOUND AS MOOT in part** as set forth above.

**IT IS FURTHER ORDERED** that in accordance with the Court's prior Order (Doc. 80), **Defendant shall tender payment of $1,809.00 to Plaintiff within fourteen calendar days from receipt of this Order**.

**IT IS FURTHER ORDERED** that while the Court does not currently order additional lesser sanctions, the decision is made **without prejudice** to Plaintiff seeking such relief at the appropriate time.

IT IS SO ORDERED.

Dated August 6, 2025, at Wichita, Kansas.

<div style="text-align: right;">

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge

</div>